IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY CO.** a/s/o JUDDY L. & TABATHA L. HURST ONE STATE FARM PLAZA BLOOMINGTON, IL  61710<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**COLUMBIA GAS OF PENNSYLVANIA, INC.** 2G CIVIC CENTER COLUMBUS, OH  43215<br>　　　　　　　　Defendant. | Civil Action No.:  2:20-cv-1194 |

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Company a/s/o Juddy L. and Tabatha L. Hurst ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendant, Columbia Gas of Pennsylvania, Inc. ("Defendant"), complaining against it as follows:

### PARTIES

1. Plaintiff is a commercial entity organized and existing under the laws of Illinois; its principal place of business is at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiff provided – via an in-force policy – homeowners insurance to Juddy L. and Tabatha L. Hurst ("subrogors") in connection with, *inter alia*, their real and personal property at 264 Park Avenue in Washington, Pennsylvania ("subject property").

4. As a result of claims made on said policy, Plaintiff became subrogated to certain rights and interests of subrogors, i.e. for monies paid thereunder, including the claims giving rise to this action.

5. Defendant is an Ohio Corporation with its principal place of business at the above-captioned address.

6. At all relevant times, Defendant was engaged in, *inter alia*, the business of providing natural-gas-utility goods and services to domestic users in Pennsylvania such as subrogors.

**JURISDICTION AND VENUE**

7. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

8. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

**STATEMENT OF FACTS**

9. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

10. On July 31, 2019, Defendant was performing its usual and customary work in the vicinity of 100 Park Lane in Washington, Pennsylvania ("origin property"); upon information and belief, this work involved upgrading a gas-main section.

11. Upon information and belief, Defendant did not identify that the origin property was connected to the gas-main section being upgraded; hence, Defendant failed to add a pressure regulator to the origin property or otherwise protect it from harm.

12. When the upgraded gas-main section was engaged, the elevated pressure lead to a leak of gas that had passed through the origin property's meter; once foreseeably ignited, the gas caused an explosion at the origin property.

13. This explosion caused damage to the subject property, which is situated nearby.

14. The damages caused thereby to subrogors were in an amount in excess of $95,000.00; these damages were directly and proximately caused by Defendant as is more fully described below.

15. Pursuant to the terms and conditions of the aforementioned policy, Plaintiff made payments to subrogors, thereby becoming subrogated to recovery on the claims asserted in this action.

## COUNT I – NEGLIGENCE

16. Plaintiff hereby incorporates the foregoing paragraphs of the Complaint as if fully set forth herein at length.

17. Defendant owed subrogors a duty to provide gas in a manner that would avoid foreseeable harm.

18. Defendant breached this duty when it negligently caused the gas leak and resultant explosion.

19. Such negligence on the part of Defendant – by and through its agents, servants, employees and/or chosen subcontractors, acting within the course and scope of their employment and/or agency – is more specifically described as follows:

   a. failing to provide and maintain gas in a manner that would avoid foreseeable harm, i.e. the harm that befell subrogors here;
   b. failing to properly install, test and/or maintain the gas lines and related facilities in dangerous proximity to the origin and subject properties;
   c. failing to adequately assess and address the danger to the origin and subject properties when upgrading the gas main without properly protecting them and others similarly situated;
   d. Otherwise failing to meet the standards of care applicable to its herein-described undertaking in the normal course of its business.

20. As a direct and proximate result of Defendant's negligent acts or omissions, subrogors sustained damages in an amount in excess of $95,000.00.

21. To the extent subrogors' aforementioned policy covered these damages, Plaintiff paid claim monies to her consistent therewith; as a result, Plaintiff became subrogated to the claims asserted in this action.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $95,000.00, plus interest, cost of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT II – BREACH OF WARRANTIES

22. Plaintiff incorporates herein by reference the above paragraphs as though the same were fully set forth at length.

23. In furtherance of delivering to the origin property the herein-described gas product, as well as in performing services related thereto, Defendant expressly and/or impliedly warranted that all goods would be safe and non-defective as delivered, and all services would be performed in a safe and reasonable manner.

24. Based upon the herein-described careless, negligent and/or unlawful conduct on the part of Defendant, Defendant breached the warranties applicable here.

25. As a direct and proximate result of such breaches, subrogors sustained and incurred damages in an amount in excess of $95,000.00.

26. Subrogors have and had performed all conditions precedent to recover based upon such breaches.

27. To the extent subrogor's aforementioned policy covered these damages, Plaintiff paid claim monies to subrogors consistent therewith; as a result, Plaintiff became subrogated to recover on the claims asserted in this action.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $95,000.00, plus interest, cost of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

          **de LUCA LEVINE LLC**

BY: _/s/ Daniel J. de Luca_
    **DANIEL J. de LUCA**
    PA ATTY I.D.: 74727
    Three Valley Square, Suite 220
    Blue Bell, PA  19422
    215-383-0081
    215-383-0082 (fax)
    ddeluca@delucalevine.com
    **ATTORNEYS FOR PLAINTIFF**

Dated:  August 12, 2020